UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ISSIFU ABDUL MALIK, | |
| Petitioner, | Civ. No. 17-0832 (KM) |
| v. | |
| CHARLES GREEN, | OPINION |
| Respondent. | |

**KEVIN MCNULTY, U.S.D.J.**

## I. INTRODUCTION

The petitioner, Abdul Malik Issifu,[1] is an immigration detainee who was lodged at the Essex County Correctional Facility when he filed this *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[2] Mr. Issifu challenges his current immigration detention. For the following reasons, the habeas petition will be denied without prejudice.

## II. BACKGROUND

Mr. Issifu is a native and citizen of Ghana. He appeared at a port of entry between the United States and Mexico on December 12, 2015 without authorization to enter the United States. Mr. Issifu declared at that time that he was seeking asylum in the United States. He was placed in immigration detention at that time.

---

[1] A review of the documents in this case indicate that petitioner's actual name is Abdul Malik Issifu. Therefore, the Clerk will be ordered to correct the caption.

[2] Mr. Issifu has since been transferred to a facility in Alabama. However, this Court retains jurisdiction over the habeas petition. *See Rumsfeld v. Padilla*, 542 U.S. 426, 441 (2004). Thus, Mr. Issifu's request to be returned to New Jersey so that this Court can maintain jurisdiction over this case (*see* Dkt. No. 6 at p.5) is without merit because this Court retains jurisdiction in this matter in any event.

On July 25, 2016, the Immigration Judge ("IJ") ordered Mr. Issifu removed to Ghana. Mr. Issifu did not appeal that decision to the Board of Immigration Appeals ("BIA").[3]

In February, 2017, Mr. Issifu filed this habeas petition. He asserts that the amount of time that he has spent in immigration detention violates *Zadvydas v. Davis*, 533 U.S. 678 (2001). Respondent has filed an opposition to the habeas petition. Mr. Issifu has filed a reply.

### III. DISCUSSION

The parties spend some time discussing the current appropriateness of Mr. Issifu's pre-removal immigration detention under 8 U.S.C. § 1225(b). However, as Mr. Issifu did not appeal from the IJ's order of removal, he is properly considered a post-removal immigration detainee. *See* 8 U.S.C. § 1231(a)(1)(B); 8 C.F.R. § 1241.1. Title 8, United States Code, Section 1231(a)(1)(A) states that, "except as otherwise provided in this section, when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the "removal period")." *Id.* § 1231(a)(1)(A). The removal period begins on the latest of the following:

> (i) The date the order of removal becomes administratively final.
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

*Id.* § 1231(a)(1)(B). Federal regulations provide that:

> An order of removal made by the immigration judge at the conclusion of the proceedings under section 240 of the Act shall become final:

---

[3] It is not clear whether Mr. Issifu intended to waive his right to appeal to the BIA or to reserve his right to appeal. While waiver of appeal is circled on the IJ's order of removal, it states that Mr. Issifu "both" waived and reserved his right to appeal. (*See* Dkt. No. 4-3 at p.2) Both cannot be correct, but because I have no basis to choose, I consider both possibilities in calculating the period of detention.

2

> (a) Upon dismissal of an appeal by the Board of Immigration Appeals;
> (b) Upon waiver of appeal by the respondent;
> (c) Upon expiration of the time allotted for an appeal if the respondent does not file an appeal within that time;
> (d) If certified to the Board or Attorney General, upon the date of the subsequent decision ordering removal; or
> (e) If an immigration judge issues an alternate order of removal in connection with a grant of voluntary departure, upon overstay of the voluntary departure period, or upon the failure to post a required voluntary department bond within 5 business days. If the respondent has filed a timely appeal with the Board, the order shall become final upon an order of removal by the Board or the Attorney General, or upon overstay of the voluntary departure period granted or reinstated by the Board or the Attorney General.

8 C.F.R. § 1241.1. Section 1231(a)(2) requires that the alien be detained during the ninety-day post-removal order period. *See* 8 U.S.C. § 1231(a)(2). If the alien is not removed during that ninety-day period, then § 1231(a)(6) authorizes either continued detention or release on bond:

> An alien ordered removed who is inadmissible under section 1182 of this title, under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4) of this title or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3).

8 U.S.C. § 1231(a)(6).

In *Zadvydas v. Davis*, 533 U.S. 678 (2001), the United States Supreme Court held that § 1231(a)(6) "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States. It does not permit indefinite detention." 533 U.S. at 689. To state a habeas claim under § 2241, the petitioner must provide facts showing good reason to believe that there is no reasonable likelihood of his actual removal in the reasonably foreseeable future. *See Zadvydas*, 533 U.S. at 701. "*Zadvydas* does not delineate the boundaries of evidentiary sufficiency, but it suggests that an inversely proportional relationship

3

is at play: the longer an alien is detained, the less he must put forward to obtain relief." *Alexander v. Attorney Gen. United States*, 495 F. App'x 274, 276-77 (3d Cir. 2012) (citing *Zadvydas*, 533 U.S. at 701). As a rule of thumb, the Supreme Court stated that six months is a presumptively reasonable period of post-removal detention under § 1231(a)(6). *See Zadvydas*, 533 U.S. at 701.

Mr. Issifu has been in post-removal immigration detention for either ten or eleven months, depending upon whether he is considered to have waived his right to appeal, or alternatively simply failed to appeal, the IJ's order of removal. *See* 8 C.F.R. 1003.38(b) (deadline to appeal to BIA is thirty days). Neither ten nor eleven months of post-removal detention compels federal habeas relief. Immigration and Customs Enforcement ("ICE") states that it was in contact with the Ghanaian Embassy on March 2, 2017 to address Mr. Issifu's travel documents. (*See* Dkt. No. 4-4 at p.2) ICE states that at that time it gave the Ghanaian Embassy a list of individuals, including Mr. Issifu, seeking to have them interviewed to effectuate their removal. (*See id.*) Furthermore, ICE states that in the fiscal year 2017, there have been seventy-seven removals to Ghana. (*See id.*) ICE explains that it therefore believes that there is a significant likelihood that Mr. Issifu will be removed in the reasonably foreseeable future. (*See id.*)

In light of the Deportation Officer's representations to this Court, Mr. Issifu has not yet shown that his post-removal immigration detention for either ten or eleven months violates *Zadvydas*. Other courts have determined that similar periods of post-removal immigration detention do not yet merit granting habeas relief under *Zadvydas*. *See, e.g., Oriakhi v. Green*, No. 16-8651, 2017 WL 1362857, at *2 (D.N.J. Apr. 10, 2017) (slightly more than eleven months); *Aliaga v. Hendricks*, No. 14-0633, 2014 WL 2002428, at *3 (D.N.J. May 15, 2014) (ten-and-one half months); *Pierre v. Dep't of Homeland Sec.*, No. 12-1869, 2013 WL 5570822, at *1 (M.D.

Pa. Oct. 9, 2013) (eleven months); *Moulton v. Sabol*, No. 12-0922, 2012 WL 6012133, at *8 (M.D. Pa. Aug. 6, 2012) (noting that petitioner is not automatically entitled to be released despite being in post-removal order detention for ten months where he failed to provide any evidence that Liberia denied him as a citizen or that Liberia will refuse to issue the appropriate travel documentation for him in the reasonably foreseeable future), *report and recommendation adopted by* 2012 WL 6012799 (M.D. Pa. Dec. 3, 2012).

I am mindful that Mr. Issifu's post-removal immigration detention will soon approach one year, and that the longer an alien is detained, the less proof he must put forward to obtain relief. *See Alexander*, 495 F. App'x 276-77 (citing *Zadvydas*, 533 U.S. at 701) While ICE states that seventy-seven people have been removed to Ghana in this fiscal year, I am also mindful of the amount of time that it has taken ICE to effectuate Mr. Issifu's removal. If, when forty-five days has run from the date of this opinion and order, Mr. Issifu is still in immigration detention and has not yet been removed, I may well feel compelled to order his release absent persuasive reasons to the contrary. *Accord Aliaga*, 2014 WL 2002428, at *3. That should give the Ghanaian Embassy enough time to issue the necessary travel documents, especially considering that the matter of Mr. Issifu's travel documents has been pending before that Embassy since at least March 2, 2017.

When that 45 day period has run, in any potential motion to reopen, Mr. Issifu may submit further evidence to show that his removal will not occur in the reasonably foreseeable future. Furthermore, even if Mr. Issifu submits no further evidence in forty-five days, the persuasiveness of respondent's evidence will diminish as time passes.

## IV. CONCLUSION

For the foregoing reasons, the habeas petition will be dismissed without prejudice to a reapplication in forty-five days. An appropriate order will be entered.

Dated: July 12, 2017

*(signature)*
KEVIN MCNULTY
United States District Judge